IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANCISCO MARTINEZ,

    Plaintiff,

v.

JANE DOE #1, MELISSA,
JOHN DOE #1, JOHN DOE #2,
JANE DOE #2, and JAME DOE #3,[1]

    Defendants.

OPINION AND ORDER

Case No. 21-cv-13-wmc

---

*Pro se* plaintiff Francisco Martinez filed this lawsuit under 42 U.S.C. § 1983, claiming that while he was being held at the Brown County Jail in 2020, he suffered a broken hand that went untreated for almost a year. Previously in this lawsuit the court directed Martinez to file an amended complaint that included proper defendants and more details about how those defendants responded to his need for medical attention. (Dkt. #9.) Martinez timely submitted an amended complaint, which is under advisement for screening as required by 28 U.S.C. § 1915A. For the reasons that follow, the court will grant him leave to proceed against all but one proposed defendant, on Fourteenth Amendment claims.

---

[1] The court has amended the case caption to include only the defendants plaintiff includes in his proposed amended complaint, and directs the clerk of court to do the same.

ALLEGATIONS OF FACT[2]

Plaintiff Francisco Martinez was being held at the Brown County Jail in April of 2020. He names the following jail employees as defendants: Jane Doe #1, John Doe #1, Health Services Unit ("HSU") employee Melissa, Jane Doe #2, and John Doe #2. Martinez also names Jane Doe #3, a hospital employee, as a defendant.

On April 13, 2020, he got into a fight with another inmate and injured his hand. At that time, he requested medical attention from the jail's HSU, and he was prescribed pain medication and anti-inflammatory medications (ibuprofen and meloxicam). However, after the swelling went down, Martinez noticed a lump on the top of his hand that felt like a bone. Martinez also was unable to pick anything up with that hand, and when he reported to Jane Doe #1 that he had pain in his hand when he tried to use it, she told him to reach out to the HSU. At that point, he was told that he may be dealing with a ganglion cyst, which required surgery. When Martinez asked for surgery, his request was denied.

In the middle of June, John Doe #1 examined Martinez and told him that not only did he not have a ganglion cyst, but that there was nothing wrong with his hand. When Martinez insisted that there was something wrong, John Doe #1 told him to keep taking meloxicam. However, Martinez still could not use his hand, causing him to fall multiple times as he was climbing up and down from his bunk.

---

[2] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's amended complaint.

2

After Martinez complained to HSU staff, John Doe #1 and Melissa met with him. John Doe #1 repeated that there was nothing wrong with him, and told Martinez that the lump on his hand had been present before his fight with the other inmate. Melissa allegedly agreed with Doe #1, and the conversation devolved to the point at which Martinez had to be removed from the room.

A few days later, an x-ray was taken of Martinez's hand, and on June 30, 2020, Martinez received a note from the HSU that his x-ray was normal. From that point on, Martinez continued to complain to John Doe #1, John Doe #2, Melissa, and Jane Doe #2, requesting to go to the hospital, and they responded that there was nothing wrong with his hand. However, Martinez underwent an MRI on October 21, 2021, which showed that he did, indeed, have a broken bone. According to Martinez, a hospital worker, Jane Doe #3, told him that if he had come to the hospital within a few months of the injury, they could have put a bolt in his hand, but at that point it was too late and the damage would be permanent. Martinez was also told that he could have the broken bone removed, which would not fix his hand but would reduce the pain. Martinez opted for that procedure in February of 2020, but his pain did not improve.

OPINION

Plaintiff seeks to proceed against defendants for violation of his constitutional rights. It is reasonable to infer, at least at this stage, that during the relevant time plaintiff was a pretrial detainee and not a convicted prisoner, so the court will infer that his claims are governed by the due process clause of the Fourteenth Amendment. *Smith v. Dart*, 803

F.3d 304, 309–10 (7th Cir. 2015). The Court of Appeals for the Seventh Circuit has concluded that medical care and conditions of confinement claims brought by pretrial detainees are governed by the due process clause of the Fourteenth Amendment, under the standard set forth by the United States Supreme Court in *Kingsley v. Hendrickson,* 576 U.S. 389 (2015). *See Hardeman v. Curren*, 933 F.3d 816, 821-22 (7th Cir. 2019); *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). Therefore, the failure to provide adequate medical care violates the due process clause if: (1) the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendants' conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353. While it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable. *Id.*

Plaintiff's allegations suggest that Jane Doe #1, John Doe #1, Melissa, John Doe #2 and Jane Doe #2 each knew that plaintiff may be suffering from limited mobility and possibly a broken hand, but none of them took steps to ensure that he received appropriate scans in a timely fashion. Instead, each of them advised plaintiff to continue taking pain medication. Although they did not outright ignore plaintiff's painful condition, the fact that they failed to order additional scans or an MRI for such a protracted period of time, despite his continuous complaints about mobility issues, gives rise to an inference that they knew their inaction would have severe consequences but failed to act regardless. That is sufficient to permit an inference that their conduct was objectively unreasonable, so the court will grant plaintiff leave to proceed against these defendants. Soon this case will be set for a preliminary pretrial conference with Magistrate Judge Stephen Crocker, who will

explain how plaintiff can serve discovery to identify the Doe defendants and set a deadline for plaintiff to amend his complaint to substitute those individuals as defendants.

However, the court is dismissing Jane Doe #3. Plaintiff has not alleged that this defendant was an employee of the jail, so this defendant's liability presents the initial question as to whether she was acting under "color of law" as required for liability under § 1983. *Buchanan-Moor v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Moreover, plaintiff's allegations as to this defendant do not state a claim upon which relief can be granted. Plaintiff alleges that Jane Doe #3 noted that his broken hand could have been fixed had it been diagnosed earlier, but he has not alleged that this defendant mishandled his medical care in any way, or was previously involved in his medical care related to his hand. Accordingly, since it would be unreasonable to infer that she responded to his need for medical attention in an objectively unreasonable manner, the court will not grant plaintiff leave to proceed against this defendant and she will be dismissed.

## ORDER

IT IS ORDERED that:

1. Plaintiff Francisco Martinez is GRANTED leave to proceed on a Fourteenth Amendment due process clause claim against defendants Jane Doe #1, John Doe #1, HSU employee Melissa, John Doe #2, and Jane Doe #2.

2. Plaintiff is DENIED leave to proceed on any other claim, and Jane Doe #3 is DISMISSED.

3. The clerk's office will prepare a summons and the U.S. Marshal Service shall effect service upon defendant Brown County Jail HSU employee Melissa.

4. Summons will not issue for the Doe defendants until plaintiff learns the identities of these defendants and amends his complaint accordingly.

5. For the time being, plaintiff must send defendant a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendant, he should serve the lawyer directly rather than defendant. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendant or to the defendant's attorney.

6. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendant or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 13th day of January, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge